# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHREEPRIYA GOPALAN,<br><br>　　　　　　　　　Plaintiff,<br>　vs.<br><br>MICROSOFT CORPORATION et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 09 CV 0877 JM (AJB)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; DISMISSING CASE WITH PREJUDICE** |

Plaintiff Shreepriya Gopalan, proceeding *pro se*, filed a complaint alleging fraud and other claims against 58 companies in the banking, television, fast food, internet, and consumer products industries. With the complaint, Plaintiff filed a Motion to Proceed in Forma Pauperis ("IFP"). (Doc. No. 2.)

**Motion to Proceed IFP**

Any party instituting a civil action, suit, or proceeding in a United States District Court must pay a filing fee. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the fee only if the plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). Plaintiff's declaration shows although she was employed as recently as March 2009, earning $6400 per month, she is currently unemployed. She has filed for unemployment benefits but has not yet received any benefits. She has a balance of $4000 in her Wells Fargo checking account, and owes $25,000 on a recent model Acura TL. It appears Plaintiff lacks sufficient funds to pay the civil filing fee. Accordingly, Plaintiff's motion to proceed

Dockets.Justia.com

IFP (Doc. No. 2) is **GRANTED**.

**<u>Sua Sponte Review of the Complaint</u>**

The court is obligated to review a complaint filed IFP and must dismiss if the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see also <u>Calhoun v. Stahl</u>, 254 F.3d 845 (9th Cir. 2001). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000). However, the court does not have to accept as true allegations that "are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." <u>United States v. Michaud</u>, 925 F.2d 37, 39 (1st Cir. 1991).

In her Complaint, Plaintiff alleges she invented all the products and services offered by the Defendant companies through her "Creative Brilliance, High Ideals and Ideologies," the companies "I Chinged" into her mind, stole these ideas, and now run their businesses without her legal authorization. According to Plaintiff, the Defendants use "I Ching" (which she herself invented at a young age) to "abuse [her] mind and body," "monitor [her] in every aspect of [her] life," alter her appearance, and generally take credit and financial gain from her ideas. Plaintiff seeks $50 billion in damages to compensate her for alleged "Loss of Intellectual Property, Fraud, Loss of Income, Loss of Financial Property, Distress, Mental and Physical distress, Civil Rights, Loss of Business Ownership," "Abuse, Civil Harassment, Sexual Harassment, Mental and Physical Abuse, ... Mental and Physical Exhaustion, Stress, Loss in ability to enjoy life, ... strife, anxiety, depression, Humanity, [and] Human Rights."

The court concludes Plaintiff's allegations are "inherently incredible," and that her Complaint is frivolous and fails to state a claim upon which relief may be granted. Furthermore, she has not set forth a short and plain statement of her claim and thus, she also fails to satisfy the basic pleading requirements under Federal Rule of Civil Procedure 8(a). Although leave to amend should be granted freely for *pro se* litigants, it need not be granted where doing so would be an "exercise in futility." See <u>Steckman v. Hart Brewing, Inc.</u>, 143 F.3d 1293, 1298 (9th Cir. 1998). The court finds granting

1 | leave to amend in this case would be futile and denies leave to amend accordingly.

2 | Based on the foregoing, Plaintiff's request to proceed IFP (Doc. No. 2) is **GRANTED** and the complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATED: May 5, 2009

Hon. Jeffrey T. Miller
United States District Judge